**HAMILTON v. BROWN.**

No. 11426.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1944.

Rehearing Denied July 12, 1944.

Reynolds N. Cate, of San Antonio, for appellant.

Jesse I. Edwards and Moursund, Ball, Moursund & Bergstrom, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Mrs. Pearl Hamilton against E. Ethridge Brown, on July 21, 1942, seeking to recover the sum of $5,000, together with interest at 6% from January 1, 1932, under the provisions of the following contract, to-wit:

"July 25th, 1929. This contract made and entered into this the 23rd day of July, 1929, by and between Mrs. Pearl Hamilton of Oklahoma City, Oklahoma, and E. Ethridge Brown, President of the New State Life Insurance Company of Oklahoma City, Oklahoma, for the following purpose, to-wit:

"First:—Mrs. Pearl Hamilton agrees to invest $5000.00 in the New State Life Insurance Company, being 200 shares at $25.00 per share.

"Second:—E. Ethridge Brown, agrees personally and as President of said Company to guarantee Mrs. Pearl Hamilton and Bonnye Hamilton 6% interest from July 1st, 1929, to be paid semi-annually on January 1st., and July 1st each year hereafter as long as the shares are personally held by Pearl Hamilton or Bonnye Hamilton but it is agreed that this guarantee will cease and determine upon the sale of the shares by either of the parties in whose name the shares are originally issued.

"Third:—Mrs. Pearl Hamilton shall receive all earnings on said stock over the six per cent interest guaranteed each year as the same are apportioned to the stockholders of the New State Life Insurance Company.

"Fourth:—E. Ethridge Brown agrees and binds his heirs and assigns, to protect Mrs. Pearl Hamilton, against the loss or impairment of the principal of this investment.

"Signed at Oklahoma City, Oklahoma, this the 23rd day of July, 1929.

"Mrs. Pearl Hamilton
"E. Ethridge Brown"

The trial court granted a motion for an instructed verdict, based upon the four-year statute of limitation, and, in keeping with such instructed verdict, rendered judgment that Mrs. Pearl Hamilton take nothing by reason of her suit against E. Ethridge Brown. From that judgment Mrs. Pearl Hamilton has prosecuted this appeal.

There is an agreed statement of facts in the case and only one question is presented, to-wit: Was Mrs. Pearl Hamilton's claim barred by the four-year statute of limitation, Art. 5527, Vernon's Revised Civil Statutes?

In this contract Brown agreed to do two things: (1) To guarantee the payment of dividends on the stock sold to Mrs. Hamilton to the extent of 6% per annum; (2) to protect the appellant against the loss or impairment of her investment.

Mrs. Pearl Hamilton admitted that she knew that the Insurance Company whose stock she held had failed and gone out of business, and that her stock had become worthless, as early as 1932.

We have been cited to no case directly in point in this State, but it is settled law in other jurisdictions that a guaranty of dividends of a corporation for a term of years contemplates the continued existence of the corporation and when the corporation ceases to exist the contract is terminated. Note No. 164, L.R.A.1916F, page 59; Stagg v. Spray Water Power & Land Co., 171 N.C. 583, 89 S.E. 47; Columbus Trust Co v. Moshier, 51 Misc. 270, 100 N.Y.S. 1066, affirmed 193 N.Y. 660, 87 N.E. 1117; Mason v. Standard Distilling & Distributing Co., 85 App.Div. 520, 83 N.Y.S. 343.

We hold that the agreement to pay 6% per annum on the stock purchased by Mrs. Hamilton terminated in 1932, when the Insurance Company became insolvent, and any claim that she had under such agreement was barred four years thereafter.

The other obligation undertaken by Brown was to protect Mrs. Hamilton against any loss or impairment of the principal of her investment. Her cause of action on this undertaking accrued when the Insurance Company in which she purchased the stock became insolvent and when she knew and realized that her stock was worthless. She says this happened in 1932. She did not file suit until 1942, some ten years after her cause of action accrued. Her claim for indemnity under this part of the contract was clearly barred by the four-year statute of limitations, Art. 5527, supra. 31 Corpus Juris p. 437; Closner v. Chapin, Tex.Civ.App., 168 S.W.2d 370; 23 Tex.Jur. 528.

Appellant, Mrs. Hamilton, contends that there being no fixed time stated in the contract, within which the indemnity agreement should terminate, then the law fixes the maturity date at a reasonable time, and that what would be a reasonable time would be a question of fact. We do not disagree with this statement as an abstract proposition of law. But where, as here, she has had a complete loss at a definite time, as a result of the corporation in which she had bought stock becoming insolvent and ceasing to do business, then and in such event her entire cause of action accrued at that time and she must file suit within the fours years prescribed by Art. 5527, supra.

The judgment is affirmed.